1  Nanette A. Colon, Esq. (SBN 214111) (ncolon@forthepeople.com)
   Of Counsel
2  **MORGAN & MORGAN**
   6824 Griffin Road,
3  Davie, Florida 33314
   Telephone: (866) 344-9243 / Fax: (954) 333-3515
4
   Attorneys for Plaintiffs and the Plaintiff Class
5

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
2009 JUN 15 PM 2: 11
BY:
FILED

6

7

8                  **UNITED STATES DISTRICT COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10  FRANK E. FLORES, suing individually   )   Case No.:  **CV09 -4262 SVW (CWx)**
    and on behalf of all other similarly  )
11  situated persons,                      )   CLASS / COLLECTIVE ACTION
                                           )
12                   Plaintiffs,           )   **COMPLAINT FOR:**
                                           )
13             vs.                         )   (1)  **Failure to Pay Overtime in Violation
                                           )        of the FLSA;**
14  KAISER FOUNDATION HOSPITALS,           )   (2)  **Failure to Pay Overtime in Violation
    THE PERMANENTE MEDICAL                 )        of California Law;**
15  GROUP, INC., SOUTHERN                  )   (3)  **Failure to Pay Wages for Meal and
    CALIFORNIA PERMANENTE                  )        Rest Breaks in Violation of
16  MEDICAL GROUP and KAISER               )        California *Labor Code* and
    FOUNDATION HEALTH PLAN, INC.           )        California Wage Orders;**
17  all California corporations.           )   (4)  **Failure to Pay Compensation at
                                           )        Time of Termination and/or
18                   Defendants.           )        Resignation in Violation of
                                           )        California *Labor Code* §§201-203;**
19                                         )   (5)  **Failure to Provide Accurate Wage
                                           )        Statements in Violation of California
20                                         )        *Labor Code*; and**
                                           )   (6)  **Unfair Business Practices in
21                                         )        Violation of California *Business and
                                           )        Professions Code* § 17200 *et seq.***
22                                         )
                                           )   **DEMAND FOR JURY TRIAL**
23                                         )
24

25

26

27

28

## PRELIMINARY STATEMENT

1.　　This is a class/collective action, seeking unpaid overtime wages, compensation and interest thereon, premium pay for rest period violations, waiting time penalties, liquidated damages and other penalties, and reasonable attorneys' fees and costs, under, *inter alia*, the Fair Labor Standards Act §§ 6 and 7, 29 U.S.C. §§ 206, 207, 211, and 216.  This action further invokes the supplemental jurisdiction of this Court to consider claims arising under California law (e.g., Title 8 of the California *Code of Regulations*, California *Labor Code* §§ 200-204, inclusive, 216-218.6, 221, 223, 226, 226.7, 400-410, 510, 1174, 1194, 1194.2, 1197 and 2802, California *Business and Professions Code* §§ 17200 et seq. and California *Code of Civil Procedure* § 1021.5.

2.　　Plaintiffs bring this action on behalf of themselves and all other persons similarly situated (hereinafter referred to as the "Plaintiff Class Members" and/or, more specifically, the "FLSA Class Members" and/or the "California Class Members") who are, or have been, employed by the Defendants as non-exempt phlebotomists and performed related activities for Defendants in, among others, Los Angeles County, California within the applicable statutory periods.

3.　　At all times relevant to this action, KAISER FOUNDATION HEALTH PLAN, INC., THE PERMANENTE MEDICAL GROUP, INC., SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP and KAISER

- 1 -

FOUNDATION HOSPITALS (hereinafter "KAISER" and/or "Defendants"), upon information and belief, have had a consistent policy of (1) requiring Plaintiff and the Plaintiff Class Members to work substantially in excess of eight (8) hours per day and/or forty (40) hours per week without paying them full and proper overtime compensation; (2) unlawfully denying the Representative Plaintiff and the California Class Members statutorily mandated rest periods; (3) willfully failing to pay compensation (including premium pay) in a prompt and timely manner to the Representative Plaintiff and the California Class Members whose employment with Defendant terminated; and (4) willfully failing to provide the Representative Plaintiff and the California Class Members with accurate semi-monthly itemized wage statements of the total number of hours each of them worked, and the applicable deductions.

## INTRODUCTION

4.     The Fair Labor Standards Act of 1938, as amended, §§ 201 et seq., (hereinafter referred to as "the Act" or the "FLSA") provides for minimum standards for wages and details administrative procedures by which covered work time must be compensated.   The FLSA provides the Federal Courts with substantial authority to stamp out labor abuses such as those at issue in this Complaint.

5. According to Congressional findings, the existence of the labor conditions detrimental to the maintenance of the minimum standard of living engenders unfair commercial competition, labor disputes, barriers to commerce and the free flow of goods in commerce, and interferes with the orderly fair marketing of goods.

6. California's *Labor Code* and Industrial Welfare Commission Wage Orders provide even more expansive protection to hourly workers, including, but not necessarily limited to, pay for all hours worked and requirements for rest periods.

7. The Representative Plaintiff is informed and believes and, based thereon, allege that, at all times relevant to this action, Defendants have employed hundreds of individuals in recent years alone as hourly non-exempt phlebotomist, and failed to pay them for all hours worked.

8. Despite actual knowledge of these facts and legal mandates, Defendants have enjoyed an advantage over their competition and have disadvantaged their workers by electing not to pay their non-exempt phlebotomist, among other employment positions, for all hours worked, and/or premium pay for missed rest periods.

9. The Representative Plaintiff is informed and believe and, based thereon, allege that officers of Defendants knew of these facts and legal mandates,

- 3 -

yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

10.    Despite Defendants' knowledge of the Representative Plaintiff's and the Plaintiff Class Members' entitlement to compensation for all hours worked, premium pay for rest period violations, Defendants failed to provide the same to the Representative Plaintiff and the Plaintiff Class Members in violation of the FLSA and California state statutes, Industrial Welfare Commission Orders and Title 8 of the California *Code of Regulations*. This action is brought to redress and end this long-time pattern of unlawful conduct.

## JURISDICTION AND VENUE

11.    This Court has jurisdiction of this action pursuant to the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 et seq., including under 29 U.S.C. §§ 207, 216, and 217. This Court also has jurisdiction in light of the existence of a controversy arising under the laws of the United States (28 U.S.C. § 1131) and supplemental jurisdiction to consider claims arising under California state law, pursuant to U.S.C. § 1367(a) because such claims are so related to the federal claims that they form part of the same case or controversy between the Representative Plaintiff and Defendants.

12.    Venue as to Defendants is proper in this judicial district, pursuant to 28 U.S.C. § 1391. Defendant KAISER is a California corporation that operates

- 4 -

and conducts business in, among others, Los Angeles County, California and is therefore, within the jurisdiction of this Court. Defendant KAISER maintains offices in the Central District of California and transacts business, has agents, and is otherwise within this Court's jurisdiction for purposes of service of process.

13.    At all material times relevant to this action, Defendant KAISER was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s) and a covered employer under California wage law. The unlawful acts alleged herein have a direct effect on the Representative Plaintiff and those similarly situated within the State of California and within this judicial district.

14.    The Representative Plaintiff is at all relevant times alleged herein, a resident of Los Angeles County, and performed the work and services referenced herein in Los Angeles County, and suffered the damages complained of herein within the geographical jurisdiction of this Court.

15.    Each and every Defendant named was, at all times relevant hereto, a person, corporation or other business entity existing and operating within the confines of the State of California, and thus subject to the jurisdiction of the California courts by reason of "minimum contacts" in California, and/or by purposeful availment of the California market for labor of the kind provided by each Representative Plaintiff and the Plaintiff Class Members, and did transact and conduct business in the State of California, and are thus subject to the

- 5 -

jurisdiction of all laws, regulations and court decisions rendered by the State of California.

16.    Defendants maintain offices, operate businesses, employ persons, conduct business in, and pay employees by illegal payroll practices and policies in the County of Los Angeles. Defendants operate said facilities and have employed numerous Plaintiff Class Members, including the Representative Plaintiff, in this judicial district as well as throughout the State of California.

## PLAINTIFFS

17.    The Representative Plaintiff, Frank Flores, is a natural person and was employed by Defendants in Lancaster, California to perform work as non-exempt phlebotomist on Defendants' behalf at all times relevant to this action.

18.    In said position, the Representative Plaintiff, Frank Flores, was repeatedly paid a substandard wage insofar as he was denied full pay for all hours worked, and permitted to work, and did work at all times relevant to this action, shifts exceeding four (4) hours or a major fraction thereof (of at least three and one-half hours) without being afforded ten minute rest periods, and/or duty-free lunch breaks. The Representative Plaintiff, Frank Flores, is a member of the FLSA Class, the California Class, and Sub-Class No. 1.

19.    As used throughout this Complaint, the terms "Class Members" and/or "Plaintiff Class Members" refer to the named Plaintiff herein as well as

- 6 -

each and every person eligible for membership in the FLSA Class and the California Class, as further described and defined below.

## DEFENDANTS

20.     At all times relevant, KAISER was and is a California corporation with its principal place of business located at One Kaiser Plaza, Oakland, Florida 94612.

21.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to the Plaintiff Class Members are in the possession and custody of Defendants.

22.     The Representative Plaintiff is informed and believe, and on that basis allege, that Defendants have employed, and do, directly and/or indirectly employ and/or exercise control over the wages, hours and working conditions of the Representative Plaintiff and the Plaintiff Class Members.

## CLASS ACTION ALLEGATIONS

23.     The Representative Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated and proximately damaged by Defendants' conduct, including, but not necessarily limited to, the following Plaintiff Classes:

**FLSA Class:**

All persons who are, or have been employed by KAISER in the United States as a non-exempt phlebotomist within the applicable statutory periods.

**California Class:**

All persons who are, or have been, employed by KAISER in the State of California as a non-exempt phlebotomist within the applicable statutory periods.

**Sub-Class No. 1:**

All persons within the California Class whose employment with KAISER has terminated.

24.    Defendants, their officers and directors are excluded from each of these Classes.

25.    All claims involving the FLSA Class have been brought and may properly be maintained as a collective action under 29 U.S.C. § 216 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

26.    All claims involving the California Class have been brought and may properly be maintained as a class action under FRCP, Rule 23 because there is a well-defined community of interest in the litigation and the proposed Classes are

- 8 -

easily ascertainable.  The proposed classes satisfy the following requirements of FRCP, Rule 23:

(a)    Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy.  The members of the Classes are so numerous that joinder of all members is impractical, if not impossible, insofar as the Representative Plaintiff is informed and believe and, on that basis, allege that the total number of Plaintiff Class Members exceeds hundreds of individuals. Membership in the Plaintiff Classes will be determined upon analysis of employee payroll, among other, records maintained by Defendants.

(b)    Commonality: The Representative Plaintiff and the Plaintiff Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, thereby making a class action superior to other available methods for the fair and efficient adjudication of the controversy.

Consequently, class certification is proper under FRCP, Rule 23(b)(3) and 29 U.S.C. § 216(b).  These common questions include, but are not necessarily limited to:

i.    Whether Defendants violated the FLSA and/or California laws by failing to pay overtime compensation to their non-exempt duties as

- 9 -

phlebotomists who worked in excess of eight (8) hours per day and/or forty (40) hours per week;

ii.    Whether Defendants violated California *Business and Professions Code* § 17200 by failing to pay Plaintiffs overtime compensation and wages for meal and rest breaks;

iii.    Whether Defendants violated, and continue to violate, California *Labor Code* §§ 226.7 by failing to consistently provide rest periods to the California Class Members;

iv.    Whether Defendants violated, and continue to violate, California *Labor Code* § 1174 by failing to keep accurate records of employees' hours of work;

v.    Whether Defendants violated, and continue to violate, California *Labor Code* §§ 201-203 by failing to pay wages due and owing at the time California Class Members' employment with Defendants was terminated;

vi.    Whether Defendants violated, and continue to violate, California *Labor Code* § 226 by failing to provide semi-monthly itemized wage statements to California Class Members of total hours worked during the pay period; and

vii.    Whether the Plaintiff Class Members are entitled to "waiting time" penalties/wages pursuant to California *Labor Code* § 203.

- 10 -

(c)    Typicality: The Representative Plaintiff's claims are typical of the claims of the Plaintiff Class Members.   The Representative Plaintiff and all members of the Plaintiff Classes sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of state and federal law, as alleged herein.

(d)    Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for Class Members to seek redress individually for the wrongful conduct alleged herein.   Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants.   The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.   Moreover, the Representative Plaintiff is informed and believe, and based thereon allege, that Defendants, in refusing to pay wages to the FLSA Class Members and the California Class Members, have acted and refused to act on grounds generally applicable to all claims, thereby making appropriate injunctive and monetary relief for all members of each class.

Consequently, Class certification is proper under FRCP, Rule 23(b)(2) and 29 U.S.C. § 216(b).

(e)  _Adequacy of Representation_: The Representative Plaintiff in this class action is an adequate representative of the Plaintiff Classes, in that the Representative Plaintiff has the same interests in the litigation of this case as the Plaintiff Class Members.  The Representative Plaintiff is committed to vigorous prosecution of this case, and has retained competent counsel, experienced in litigation of this nature.  The Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the Plaintiff Class as a whole.  The Representative Plaintiff anticipates no management difficulties in this litigation.

## COMMON FACTUAL ALLEGATIONS

27.   This action is for unpaid overtime compensation under federal and state law, for, among other things, unpaid overtime, meal and rest breaks violations, failure to properly submit itemized wage statements, and failure to pay all compensation owed at the time of termination.

28.   The Representative Plaintiff and the Plaintiff Class Members seek compensatory damages under federal and state law, liquidated damages, as well as other statutory and civil penalties owed to other Plaintiff Class Members who were employed by Defendants, under the FLSA, 29 U.S.C. § 21.6(b), California

- 12 -

*Labor Code* § 201-203, 226, 226.7, 510, 512, 1194, and 2802(a), Industrial Welfare Commission ("IWC") Wage Order No. 4-2001, and California *Business & Professions Code* § 17200, *et seq.*

29.    At all times relevant herein, the Industrial Welfare Commission ("IWC") Wage Orders, as amended (8 Cal. Code Regs. § 11050), applied to wages, hours, and working conditions of the Representative Plaintiff and the Plaintiff Class Members.

30.    The Representative Plaintiff, Frank Flores, and members of Sub-Class No. 1 were employed by Defendants as individuals who performed non-exempt work as phlebotomists on Defendants' behalf.

31.    Defendants paid the Representative Plaintiff and the Plaintiff Class Members a salary, as more specifically alleged below.

32.    At all times relevant to this action, Defendants required the Representative Plaintiff and the Plaintiff Class Members to work substantially in excess of forty (40) hours per week without paying them full and proper overtime compensation as required by the FLSA, 29 U.S.C. § 207, and California *Labor Code* §§. 510 and 1194.

33.    At all times relevant to this action, Defendants required the Representative Plaintiff and the Plaintiff Class Members to work substantially in excess of eight (8) hours per day without paying them proper overtime

- 13 -

compensation as required by California *Labor Code* § 510. In addition to violating California *Labor Code* § 510, this constitutes an unlawful and unfair business practice under California *Business & Professions Code* § 17200, *et seq.*

34.   At all times relevant to this action, Defendants denied the Representative Plaintiff and the Plaintiff Class Members meal and rest breaks as required under California *Labor Code* § 226.7 and 512, and IWC Wage Orders No. 4- 2001.   The Representative Plaintiff and numerous California Class Members were not provided with the requisite meal periods within the first five (5) hours of work, nor were they provided with a proper second meal period during the days they worked more than ten (10) hours in a day.   The California Class Members also were required to work and/or were not relieved of all duties during any meal period taken, and thus was considered "on duty;" however, Defendants failed to count as time worked any "on duty" meal period taken by Plaintiffs.   Because of Defendants' policy the Representative Plaintiff and the California Class Members were, and are, unlawfully denied rest periods required by California law. The Representative Plaintiff and the California Class Members are accordingly entitled to an additional (1) one  hour of pay at their regular rate for each day they were not afforded a lawful meal and rest period.   This policy and practice also constitutes an unlawful and unfair business practice under California *Business & Professions Code* § 17200, *et seq.*

- 14 -

35.     At all times relevant to this action, Defendants knowingly and intentionally failed to furnish to the Representative Plaintiff and the Plaintiff Class Members proper itemized wage statements showing all of the information required by California *Labor Code* § 226(a), including, but not limited to, the following: (1) the total hours actually worked by the individual; (2) all true regular and overtime rates in effect during the pay period and the corresponding correct number of hours worked at the applicable rate per individual. Thus, the Representative Plaintiff and the Plaintiff Class Members are entitled to recover the greater of all actual damages or the statutory penalties as set forth under California *Labor Code* § 226(e). This policy and practice also constitutes an unlawful and unfair business practice under California *Business & Professions Code* § 17200, *et seq*.

36.     Furthermore, despite its knowledge of the Representative Plaintiff's and the Plaintiff Class Members' entitlement to pay for all hours worked, Defendants violated California *Labor Code* § 1174(d) by failing to provide or require the use, maintenance or submission of time records which documented all hours being worked by members of the California Class. Defendants also failed to provide the Representative Plaintiff and members of the California Class with accurate semi-monthly itemized wage statements of the total number of hours worked by each, in violation of California *Labor Code* § 226.  In doing so,

- 15 -

Defendants have not only failed to pay their workers the full amount of compensation due, they have, until now, effectively shielded themselves from their employees' scrutiny for their unlawful conduct by concealing the magnitude (the full number of hours worked) and financial impact of their wrongdoing.

37.    On or about May 6, 2009 Representative Plaintiff's, Frank Flores, employment with Defendants was terminated.    Despite knowing that Representative Plaintiff  Flores was entitled to additional compensation for the work that he performed Defendants willfully failed and refused to compensate him in violation of California *Labor Code* §§ 201 and 202.  California *Labor Code* §§ 201 and 202 require Defendants to pay all wages due to Representative Plaintiff Frank Flores and members of the California Class immediately upon discharge.    Accordingly, the Representative Plaintiff Frank Flores and certain members of the California Class are entitled to unpaid compensation, yet, to date, have not received such compensation despite the termination of their employment with Defendants.  Even upon the termination or resignation of the employment of the Representative Plaintiff, Frank Flores, and numerous California Class Members during all times relevant to this action, Defendants declined to pay these wages, in blatant violation of California *Labor Code* §§ 201 and/or 202.

38.    Moreover, California *Labor Code* § 203 provides that, if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue

- 16 -

to pay the subject employees' wages until the back wages are paid in full or an action is commenced, for a period not to exceed thirty (30) days of wages. More than thirty (30) days have passed since the Representative Plaintiff Frank Flores and certain California Class Members have left Defendants' employ.  As a consequence of Defendants' willful conduct in not paying compensation for all hours worked, the Representative Plaintiff Frank Flores and certain California Class Members are entitled to thirty (30) days' wages as a penalty under California *Labor Code* § 203, together with interest thereon and attorneys' fees and costs.  Accordingly, Defendants are liable to Representative Plaintiff Frank Flores and members of Sub-Class No. 1 for waiting time penalties pursuant to California *Labor Code* §203 as described herein.

39.    As described herein, Defendants have for years, knowingly failed to adequately compensate those non-exempt phlebotomists within the class definitions identified above for all wages due under the FLSA (29 U.S.C. §§ 206 and 207), California *Labor Code* and applicable California Wage Orders. Moreover, Defendants have knowingly failed to provide said workers with mandatory rest periods, thereby enjoying a significant competitive edge over the other construction companies.  Among other means, Defendants engaged in unlawful business practices requiring non-exempt phlebotomists to work in

- 17 -

excess of eight (8) hours per day and/or forty (40) hours per week without paying them full and proper overtime compensation.

40.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, the Representative Plaintiff and the Plaintiff Class Members have sustained damages, as described above, and premium pay for missed rest periods and meal periods, in an amount to be established at trial.  As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, the Representative Plaintiff Frank Flores and California Class Members herein are entitled to recover "waiting time" penalties/wages (pursuant to California *Labor Code* § 203) and/or penalties for failure to provide semi-monthly itemized statements of hours worked (pursuant to California *Labor Code* § 226) in an amount to be established at trial.  As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, the Representative Plaintiff and California Class Members are entitled to recover attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b), California *Labor Code* §§ 218.5 and/or California *Civil Code* § 1021.5, among other authorities.

41.    Defendants' above actions were willful and intentional.  Thus, the Representative Plaintiff and the Plaintiff Class Members seek to recover unpaid overtime compensation and premium pay, including the applicable interest, statutory and civil penalties, reasonable attorneys fees, and litigation costs under

the FLSA, 29 U.S.C. § 206,207,211(c), 216Q), California *Labor Code* §§ 201-203, 226,226.7, 510, 512 and 1194, IWC Wage Order No. 4-2001, and Business & Professions Code §§ 17200, et seq.  The Representative Plaintiff and the Plaintiff Class Members also seek liquidated damages and/or pre-judgment interest.

Furthermore, the Representative Plaintiff and the Plaintiff Class Members seek all other related wages, restitution, attorneys fees, costs and statutory and civil penalties to the fullest extent allowable under California *Business & Professions Code* §§ 17200, *et seq*.

## FIRST CAUSE OF ACTION
(For Failure to Pay Overtime in Violation of FLSA)
[FLSA 29 U.S.C. §§ 207, 211(c), 216(B)]
Against All Defendants
(FLSA CLASS)

42.   The Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

43.   At all relevant times hereto, Defendants have been, and are, employers engaged in commerce, as defined under 29 U.S.C. § 203(b) and (d). As such, Defendants employed members of the FLSA Class as non-exempt phlebotomists, employment which engaged the employees in commerce, as defined under 29 U.S.C. §§ 203(b), (e), (g) and § 207(a)(1).  At all times relevant

- 19 -

hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(1).

44.    Under the FLSA, 29 U.S.C. § 207, Defendants were and are obligated to compensate the Representative Plaintiff and the Plaintiff Class Members for all hours worked in excess of forty (40) hours in a workweek. The Representative Plaintiff and the Plaintiff Class Members are not subject to any applicable exemptions from the requirement to pay overtime under federal law.

45.    At all times relevant to this action, the Representative Plaintiff and the Plaintiff Class Members regularly worked in excess of forty (40) hours per week, but were not paid for such overtime work.

46.    The Representative Plaintiff are informed and believe, and thereon allege, that Defendants have required, and still require, the FLSA Class Members, as part of their employment, to work in excess of forty (40) hours per week without overtime compensation in violation of the FLSA. The precise number of hours will be proven at trial.

47.    By failing to pay overtime compensation due to the Representative Plaintiff and the Plaintiff Class Members, Defendants willingly, knowingly, and/or recklessly violated the provisions of the FLSA, which requires the payment of overtime compensation to nonexempt employees.

48.   As a result of Defendants' policy and practice of withholding overtime compensation, the Representative Plaintiff and the Plaintiff Class Members have been damaged in that they have not received wages due to them under the FLSA.

49.   Defendants have made it difficult to account for the unpaid overtime wages earned by the Representative Plaintiff and the Plaintiff Class Members at all times relevant to this litigation because they did not make, keep, and preserve the full and actual hours worked by the Representative Plaintiff and the Plaintiff Class Members, as required for nonexempt employees under *29 U.S.C. § 211(c)*.

50.   Defendants' failure to retain accurate records of hours actually worked by the Representative Plaintiff and the Plaintiff Class Members was willful and deliberate and designed to serve their policy of unlawfully denying overtime wages to their employees.

51.   As a result of the unlawful acts of the Defendants, the Representative Plaintiff and the Plaintiff Class Members have been deprived of overtime compensation in amounts not yet fully ascertained, but to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, and/or prejudgment interest, attorney fees and costs, and other compensation allowable under 29 U.S.C. § 216(b) of the FLSA.

52.     The Representative Plaintiff propose to undertake appropriate proceedings to have such FLSA Class Members, aggrieved by Defendants' unlawful conduct, notified of the pendency of this action and join this action as Plaintiff Class Members, pursuant to 29 U.S.C. § 216(b), by filing written consents to joinder with the Court.

53.     As a result of the foregoing, the Representative Plaintiff seek judgment against Defendants on their own behalf, and on behalf of those FLSA Class Members similarly situated who file written consents to joinder in this action, for all unpaid wages owed by Defendants to the Representative Plaintiffs and the FLSA Class, pursuant to 29 U.S.C. §§ 203 *et seq.*, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
(For Failure to Pay Overtime in Violation of State Law)
[California *Labor Code* §§ 510, 1194
I.W.C. Wage Order Nos. 4-2000; 4-2001]
Against All Defendants
(CALIFORNIA CLASS)

54.     The Representative Plaintiff incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

- 22 -

55.     The Representative Plaintiff and the Plaintiff Class Members were and are employed by Defendants during their tenure as non-exempt phlebotomists.

56.     The Representative Plaintiff and the Plaintiff Class Members regularly worked more than eight (8) hours per day and/or forty (40) hours per week, but did not receive full and proper overtime wages for these hours.

57.     California *Labor Code* § 510(a) and the Industrial Welfare Commission Wage Orders regulating payment of wages in the state of California provide that eight (8) hours of labor constitutes a day's work and any work in excess of eight (8) hours in one (1) workday shall be compensated at the rate of no less than one and one-half times the regular rate of pay for each employee.

58.     California *Labor Code* § 510(a) and the Industrial Welfare Commission Wage Orders regulating payment of wages in the state of California provide that any work in excess of forty (40) hours in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for each employee.

59.     California *Labor Code* § 510(a) and the Industrial Welfare Commission Wage Orders regulating payment of wages in the state of California provide that any work in excess of twelve (12) hours in any one workday shall be

compensated at the rate of no less than twice the regular rate of pay for each employee.

60.    California *Labor Code* § 1194 states that any employee receiving less than the legal overtime compensation applicable to the employee is entitled to recover the unpaid balance of the full amount of this overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

61.    The Representative Plaintiff allege, on information and belief, that, as detailed more fully above, Defendants engage in a company wide  practice of requiring and encouraging the Representative Plaintiff and Plaintiff Class Members to work in excess of eight (8) hours per day and/or forty (40) hours per week.  As a result of the company wide policy the Representative Plaintiff and Plaintiff Class Members were not compensated for all the hours that Defendants required them to work.

62.    Defendants have failed and refused, and continue to fail and refuse, to pay the Representative Plaintiff and Plaintiff Class Members overtime compensation as required by California wage and hour laws.

63.    Defendants' conduct described in this Complaint violates the provisions of Wage Order 17-2001 and California *Labor Code* § 1194.

64.    Defendants have made it difficult to account for the unpaid overtime wages earned by Representative Plaintiff and the Plaintiff Class Members at all

- 24 -

times relevant to this litigation because they did not make, keep, and preserve the actual hours worked by the Representative Plaintiff and the Plaintiff Class Members as required for nonexempt employees under *Labor Code* § 1174(d) and IWC Wage Order No. 4-2001.

65.    Defendants' failure to retain accurate and correct records of hours actually worked by the Representative Plaintiff and the Plaintiff Class Members was willful and deliberate and designed to serve their policy of unlawfully denying overtime wages to their employees.

66.    As a result of the unlawful acts of the Defendants, the Representative Plaintiffs and the Plaintiff Class Members have been deprived of overtime compensation in amounts not yet fully ascertained, but to be determined at trial, and are entitled to recovery of such amounts, together with interest, waiting time penalties, attorneys' fees, litigation costs, and other compensation under state law.

67.    The Representative Plaintiffs and the Plaintiff Class Members are entitled to receive an award of liquidated damages, and reasonable attorneys' fees and costs pursuant to California *Labor Code* § 1194.

**THIRD CAUSE OF ACTION**
(Failure to Pay Wages for Meal and Rest Breaks in Violation of California Law)
[California *Labor Code* §§ 226.7 and 512,
I.W.C. Wage Order Nos. 4-2000, 4-2001]
Against All Defendants
(CALIFORNIA CLASS)

- 25 -

68.     The Representative Plaintiff incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

69.     California *Labor Code* § 512 and IWC Wage Order 4-2001 state that an employer may not employ an employee for a work period of more than five (5) hours per day without providing the employee a meal period of not less than 30 minutes, and an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes. Wage Order 4-2001 states that unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. California *Labor Code* § 226.7(a) further states that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the IWC.

70.     The Representative Plaintiff and the Plaintiff Class Members were not provided with the requisite meal periods within the first five (5) hours of work, nor were they provided with a proper second meal period during the days they worked more than ten (10) hours in a day.  The Representative Plaintiff and the Plaintiff Class Members also were required to work and/or were not relieved of all duties during any meal period taken, and thus was considered "on duty;"

- 26 -

however, Defendants failed to count as time worked any "on duty" meal period taken by the Representative Plaintiff and the Plaintiff Class Members.

71.    Pursuant to California *Labor Code* § 226.7(b) and IWC Wage Order 4-2001, if an employer fails to provide an employee a meal period in accordance with the applicable provisions of IWC Wage Order 4-2001, the employer shall pay the employee one (1) hour of pay at the employees regular rate of compensation for each workday that the meal period is not provided. As such, the Representative Plaintiff is entitled to an additional one (1) hour's pay for each day in which they were not provided a proper meal break under the above- described authorities.

72.    IWC Wage Order 4-2001 states that every employer shall authorize and permit all employees to take rest periods. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours of work.

73.    The Representative Plaintiff and the Plaintiff Class Members were not permitted to take rest breaks at the rate of ten (10) minutes per every four (4) hours of work and/or the Representative Plaintiff and the Plaintiff Class Members were required to work during any rest periods in contravention of the statutory authorities described herein.

- 27 -

74.     Pursuant to California *Labor Code* § 226.7(b) and IWC Wage Order 4-2001 if an employer fails to provide an employee a rest period in accordance with the applicable provisions of IWC Wage Order 4-2001, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

75.     As such, the Representative Plaintiff and the Plaintiff Class Members are entitled to an additional one (1) hour's pay for each day in which Plaintiffs were not provided a proper rest period under the above-described authorities.

76.     As a result of the unlawful acts of the Defendants, the Representative Plaintiff and the Plaintiff Class Members have been deprived of premium pay for the meal and rest periods they were not provided in amounts not yet fully ascertained, but to be determined at trial, and is entitled to recovery of such amounts, together with interest, waiting time penalties, attorneys' fees, litigation costs, and other compensation under state law.

## FOURTH CAUSE OF ACTION
(For Failure to Pay Compensation at Time of Termination and/or Resignation in
Violation of California *Labor Code* §§ 201-203)
Against All Defendants
(CALIFORNIA CLASS)

77.     The Representative Plaintiff incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

- 28 -

78.     California *Labor Code* §201 requires an employer who discharges an employee to pay compensation due and owing said employee immediately upon discharge.   California *Labor Code* §202 requires an employer to promptly pay compensation due and owing to an employee within 72 hours of that employee's termination of employment by resignation.   California *Labor Code* §203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation in a prompt and timely manner as required pursuant to California *Labor Code* §201 and §202 respectively, said employer is liable to said employee for waiting time penalties as described therein.

79.     Defendants have willfully failed and refused, and continue to fail and refuse, to timely pay compensation and wages to Representative Plaintiff Frank Flores and the Plaintiff Class Members in Sub-Class No. 1 including unpaid overtime pay, premium pay, reimbursement of business expenses, and "Show-Up Pay", when their employment terminated, as required by California *Labor Code* §§ 201-202.

80.     Defendants' failure to timely pay overtime compensation and wages to Representative Plaintiff Frank Flores and the Plaintiff Class Members in Sub-Class No. 1 at the time of termination of employment is willful.  Defendants have willfully failed and refused and continue to willfully fail to pay compensation owed (including unpaid overtime, premium pay, reimbursement of business

expenses, and "Show-Up Pay") in a prompt manner to Representative Plaintiff Frank Flores and the Plaintiff Class Members in Sub-Class No. 1 whose employment terminated as is required under California *Labor Code* §§201-203. As a result, Defendants are liable to Representative Plaintiff Frank Flores and the Plaintiff Class Members in Sub-Class No. 1 for waiting time penalties under California *Labor Code* §203 in an amount to be ascertained at trial, together with prejudgment interest.

## FIFTH CAUSE OF ACTION
(Failure to Provide Accurate Wage Statements)
[California *Labor Code* § 226(a)]
Against All Defendants
(CALIFORNIA CLASS)

98.     The Representative Plaintiff incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

99.     California *Labor Code* § 226 requires employers to provide its employees an accurate written itemized statement showing, among other things, gross wages earned, the total hours worked by the employee, all deductions, net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

100.     Defendants failed to properly maintain adequate itemized statements of Plaintiffs' work and labor as required by law. The Representative Plaintiff and

- 30 -

the Plaintiff Class Members are informed and believe that said failure was knowing and intentional by Defendants as Defendants sought to deprive the Representative Plaintiff and the Plaintiff Class Members of their legitimate right to unpaid wages and/or commissions, and otherwise deprive Plaintiffs of overtime compensation.

101.   As a result of Defendants intentional and knowing failure to maintain adequate itemized statements, the Representative Plaintiff and the Plaintiff Class Members could not ascertain the actual amount of compensation they earned and/or was entitled to, and thereby suffered damages in the form of the accrual of unpaid wages, commissions, overtime, and interest.

102.   Pursuant to California *Labor Code* § 226(e), an employee who suffers injury as a result of an employer's knowing and intentional failure to comply with subdivision (a), is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

103.   Pursuant to California *Labor Code* § 226(g), an employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees. As such, the

Representative Plaintiff and the Plaintiff Class Members are entitled to penalties recoverable from Defendants as described herein, as well as reasonable costs and attorneys fees.

## SIXTH CAUSE OF ACTION
(For Unfair Business Practices in Violation of California *Business and Professions Code* §17200 *et seq.*)
Against All Defendants
(CALIFORNIA CLASS)

104.   The Representative Plaintiff incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

105.   The Representative Plaintiff bring this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein.

106.   The above-referenced actions by the Defendants, including, but not limited to, the failure to pay the Representative Plaintiff and the Plaintiff Class Members overtime compensation, wages for meal and rest breaks that were not provided, or reimbursement for business expenses incurred constitute unlawful conduct and violations of law.   These actions also constitute unfair business practices.   As such, Defendants' conduct amounts to unfair business practices in violation of *Business and Professions Code* § 17200, *et seq.*

- 32 -

107.    The Representative Plaintiff is informed and believes that Defendants continue their unlawful and unfair conduct as described herein. As a result of this conduct, Defendants have unlawfully and unfairly obtained monies due to the Representative Plaintiff and the Plaintiff Class Members.

108.    All impacted individuals can be identified by reference to records in the Defendants' custody, control and possession.

109.    The Representative Plaintiff and the Plaintiff Class Members are entitled to restitution of all monies due to them, as well as disgorgement of the ill-gotten gains obtained by the Defendants as a result of their unlawful and unfair conduct at all times relevant to this action.

110.    The Representative Plaintiff and the Plaintiff Class Members are entitled to attorneys' fees and costs for promoting the interest of the members of the general public in causing the Defendants to cease their unfair business practices, according to proof.

## **PRAYER**

WHEREFORE, the Representative Plaintiff on their behalf, and on behalf of the Plaintiff Class Members, pray for relief and judgment as follows:

1.    An order declaring the FLSA Class to be a collective action and certifying the FLSA Class as alleged and prayed for herein;

- 33 -

2.      An order declaring the California Class to be a class action and certifying the California Class as alleged and prayed for herein;

3.      An award to the Representative Plaintiff and all members of the FLSA Class for damages in the amount of unpaid overtime compensation and wages under the FLSA, including liquidated damages and/or pre judgment interest subject to proof at the time of trial;

4.      An award to the Representative Plaintiff and all members of the California Class of damages in the amount of unpaid overtime compensation and wages under California law, including liquidated damages and/or pre judgment interest subject to proof at the time of trial;

5.      An award to the Representative Plaintiff and all members of the California Class of one hour of compensation for each day they did not receive proper meal breaks under California *Labor Code* §§ 226.7 and 512 and IWC Wage Order No. 4-2001;

6.      An award to the Representative Plaintiff and all members of the California Class of one hour of compensation for each day they did not receive proper rest breaks under California *Labor Code* §§ 226.7 and IWC Wage Order No. 4-2001;

- 34 -

7.    An award to the Representative Plaintiff and all members of the California Class of the statutory penalties provided in California *Labor Code* § 226(e) subject to proof at the time of trial;

8.    An award to Representative Plaintiff Frank Flores and all members of the California Class in Sub-Class No. 1 for waiting time penalties provided in California *Labor Code* § 203;

9.    An award to the Representative Plaintiff and all members of the FLSA Class of liquidated damages in an amount equal to the overtime compensation and unpaid meal and rest break period wages shown to have been denied to the Representative Plaintiff and all members of the FLSA Class under 29 U.S.C. § 216(b) and liquidated damages in an equal amount or, if liquidated damages are not awarded, then in the alternative, pre judgment interest;

10.    An award to the Representative Plaintiff and all members of the Plaintiff Class of reasonable attorneys' fees and legal costs under 29 U.S.C. § 216(b), California *Labor Code* §§ 226(e), 1194, Cal. Civil Code § 1021.5, and/or any other applicable law;

11.    An award to the Representative Plaintiff and all members of the California Class of all civil penalties authorized under California *Labor Code* §§ 203, 226, 226.7;

- 35 -

12.     An award to the Representative Plaintiff and all members of the California Class of pre and post judgment interest;

13.     An injunction stopping Defendants' unlawful conduct; and

14.     An award of such other and further relief as this Court may deem just and appropriate.

- 36 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY DEMAND

The Representative Plaintiff Frank Flores and the Plaintiff Class Members hereby demand trial by jury on all issues triable of right by jury.


DATED:  May 28, 2009                     **MORGAN & MORGAN**

                                         By _____
                                            Nanette A. Colon
                                            Attorney for Plaintiffs and the
                                            Plaintiff Class

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV09- 4262 SVW (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Of Counsel
ncolon@forthepeople.com
California Bar No. 214111
**MORGAN & MORGAN, P.A.**
6824 Griffin Road,
Davie, FL  33314
Telephone: (866) 344-9243 / Fax: (954) 333-3515

Attorneys for Plaintiffs and the Putative Class

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK FLORES, suing individually and on behalf of all other similarly situated persons, | CASE NUMBER |
| | **CV09 -4262 SVW (CWx)** |
| Plaintiffs, | |
| vs. | |
| KAISER FOUNDATION HOSPITALS, THE PERMANENTE MEDICAL GROUP, INC., SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP and KAISER FOUNDATION HEALTH PLAN, INC. *a // California Corporations* | **SUMMONS** |
| Defendants. | |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within  20  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, **Nanette A. Colon, Of Counsel, Morgan & Morgan, whose address is 6824 Griffin Road, Davie, Florida 33314, (866)344-9243/ Fax (954) 333-3515.** If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.   You also must file your answer or motion with the court.

Dated:  JUN 1 5 2009  _____

Clerk, U.S. District Court

By:  _____ *DONIE GARGANTOS*

Deputy Clerk

*(Seal of the Court)*

---

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*